# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:09-cr-0097 |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| JOHN GORDON AITKEN, | ) | |
| Defendant. | ) | |

## INTRODUCTION

Before the Court is a Motion for Adjudication of Interest for Defrauded Victim Class (#23), brought by David L. Pisarek and Eric R. Meyers on behalf of themselves and for the class of all persons (collectively "Petitioners") who obtained a judgment in *Meyers et al. v. Nationwide Christian Singles et al.*, 05 CH 21988 (Cook Ct. Cir. Ct.) (Judge Martin S. Agran), on April 26, 2006. The Government opposes the motion, filing a Motion to Dismiss Petition (#31), arguing that the petitioners lack standing and have failed to state a claim upon which relief may be granted. Petitioners have not responded to the Government's objection.

## DISCUSSION

The Court is convinced that Petitioners have failed to meet the statutory requirements to bring the instant motion. Petitioners' motion is based on 21 U.S.C. § 853. This statute lays out specific requirements to obtain the relief it provides. "Only by establishing standing and satisfaction of all requisite elements of [section 853(n)(3) and] (n)(6)(A) or (B) may a party obtain judicial relief from an order of forfeiture." *United States v. BCCI Holdings (Lux.), S.A.*, 980 F. Supp. 10, 13 (D.D.C. 1997). Further, once a hearing is conducted, the petitioner must establish by preponderance of the evidence the required elements of § 853(n)(6)(A) or (B). §

853(n)(6); *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000) (stating § 853(n)(6) "requires a petitioner to establish by preponderance of the evidence . . . ."); *Ken International*, 184 B. R. at 105 (stating the statute "protects [these] two categories of petitioners . . ." who prove "by a preponderance of the evidence . . .") (citations omitted).

Title 21 U.S.C. § 853(n)(2) provides a process for persons asserting an interest in property subject to forfeiture to assert their interest in the property. Section 853(n)(3) requires that the

> petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

If a sufficient petition is brought, the Court is instructed to "hold a hearing to adjudicate the validity of his alleged interest in the property." *Id.* § 853(2). At such a hearing, the Court is to determine if the petitioner has established by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

The Court need not conduct such a hearing because Petitioners' petition is inadequate under the statutory requirements. Specifically, Petitioners have failed to sign the petition under penalty of perjury. Such a failure warrants dismissal. *See e.g.*, *United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597 (7th Cir. 2000) ("[V]erification is an essential element of any claim because of the substantial danger of false claims. Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or

affirmation is not a mere technical requirement that we easily excuse." (citations and quotation marks omitted)).

Further, Petitioners have failed set forth its interest in the forfeited property with the time and circumstance of its acquisition of the forfeited property. As noted by the Government, it appears that Petitioners obtained default judgment on April 26, 2006, after the United States seized the forfeited property on November 22, 2005. (#23 Ex. A). Moreover, the default judgment was a money judgment, not of any property. These reasons are also sufficient to dismiss the petition.

## CONCLUSION

IT IS HEREBY ORDERED THAT Petitioners' Motion for Adjudication of Interest for Defrauded Victim Class (#23) is DENIED without prejudice.

DATED this 22nd day of July, 2010.

_____
Gloria M. Navarro
United States District Judge