≥AO 245C   (Rev. 06/05)Amended Judgment in a Criminal Case   (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

### District of _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| JOHN GORDON AITKEN | Case Number:       2:09-CR-97-GMN-LRL |
| | USM Number:      43810-048 |

**Date of Original Judgment:** _09/20/2010_

JONATHAN POWELL

**(Or Date of Last Amended Judgment)**

Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)

X Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to count(s)   ONE OF CRIMINAL INFORMATION

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1341 | MAIL FRAUD | 11/22/2005 | 1 |

        The defendant is sentenced as provided in pages 2 _____6_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____

☐   Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

NOVEMBER 4, 2010

Date of Imposition of Judgment

Signature of Judge

GLORIA M. NAVARRO, UNITED STATES DISTRICT JUDGE

Name and Title of Judge

 November 10, 2010

Date

Judgment — Page    2    of    6

DEFENDANT:      JOHN GORDON AITKEN
CASE NUMBER:      2:09-CR-97-GMN-LRL

# IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term    FIFTY-SEVEN (57) MONTHS

X    The court makes the following recommendations to the Bureau of Prisons:

     The Court requests that the Bureau of Prisons be extra diligent in maintaining the confidence of this defendant's Presentence Investigation Report.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at _____   ☐ a.m.   ☐ p.m.    on _____ .

     ☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     X    before 12 p.m. on   NOVEMBER 30, 2010     .

     ☐    as notified by the United States Marshal.

     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

                                                 _____

                                                         UNITED STATES MARSHAL

                                     By _____

                                                     DEPUTY UNITED STATES MARSHAL

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release                                      (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   3   of   6

DEFENDANT:      JOHN GORDON AITKEN
CASE NUMBER:   2:09-CR-97-GMN-LRL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    THREE (3) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 annually, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a

     student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C    (Rev. 09/08 Amended Judgment in a Criminal Case)
Sheet 3C — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

Case 2:09-cr-00097-GMN-GWF   Document 65   Filed 11/10/10   Page 4 of 14

Judgment—Page   4   of    6   

DEFENDANT:        JOHN GORDON AITKEN
CASE NUMBER:    2:09-CR-97-GMN-LRL

# SPECIAL CONDITIONS OF SUPERVISION

1. **Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. **Warrantless Search** - You shall submit to the search of your person, property, residence or automobile under your control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

3. **Substance Abuse Treatment**- You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer based upon your ability to pay.

4. **Alcohol Abstinence** - You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

5. **Mental Health Treatment** - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

6. **Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

7. **Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

8. **Employment Restriction** - You shall be restricted from engaging in employment, consulting, or any association with any self employment business for a period of THREE (3) YEARS.

9. **Gambling Prohibition** - You shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer.

10. **Report to Probation Officer After Release from Custody** - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

*Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties                                                   (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __5__ of __6__

DEFENDANT:          JOHN GORDON AITKEN
CASE NUMBER:        2:09-CR-97-GMN-LRL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00 | $ 10,000.00 | $ 2,698.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be
     entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise
     in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
     before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| SEE ATTACHMENT A | | | |
| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
     fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
     to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ☐   the interest requirement is waived for   ☐ fine   ☐ restitution.

     ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or
after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments                              (NOTE: Identify Changes with Asterisks (*))

                                                    Judgment — Page ___6___ of ___6___

DEFENDANT:       JOHN GORDON AITKEN
CASE NUMBER:     2:09-CR-97-GMN-LRL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X   Lump sum payment of $ __12,798.00__ due immediately, balance due

           ☐ not later than _____ , or
           ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐   Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
           term of supervision; or

**E**  ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
           imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and
   corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE ATTACHMENT B

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# ATTACHMENT A

U.S. v. John Gordon Aitken
2:09-CR-00097-GMN-LRL
Restitution List

| Victim Last Name | Victim First Name | Victim Middle Name | Loss Amount |
|---|---|---|---|
| Ainsworth | Heath | | $38.00 |
| Ainsworth | Shana | | $38.00 |
| Arbogast | Christel | | $38.00 |
| Baker | Kelly | | $38.00 |
| Ballone | Gerald | | $38.00 |
| Bartlett | Michael | | $38.00 |
| Bofferding | Tim | | $38.00 |
| Brackman | Ray | | $38.00 |
| Bradley | Phil | | $38.00 |
| Brown | Brenda | | $38.00 |
| Buckner | Eugene | S | $38.00 |
| Bullington | Paul | | $38.00 |
| Carrena | Salvatore | | $38.00 |
| Charters | Jean | | $38.00 |
| Colegrove | Mark | W. | $38.00 |
| Coleman | Marvin | | $38.00 |
| Diforte Jr., | Mariano | P. | $38.00 |
| Dilday | Kermit | Max | $38.00 |
| Down | Mary | F | $38.00 |
| Ducksworth | Addie | | $38.00 |
| Edwards | Ashley | M. | $38.00 |
| Ellenberger | David | Paul | $38.00 |
| Ferreira | Vanilson | | $38.00 |
| Fonder | John | | $38.00 |
| Franklin | Lude | V. | $38.00 |
| Grace | Maria | | $38.00 |
| Harris | Patricia | Y. | $38.00 |
| Hoosman | Uhuru | D | $38.00 |
| Huml | Joseph | | $38.00 |
| Khali | Hazem | Hamed | $38.00 |
| Kuhlmann | Rudolph | E. | $38.00 |
| Lawson | William | R. | $38.00 |
| Lilley | Mary | Joan | $38.00 |
| Lopez | Roy | | $38.00 |
| Marshall | Marcus | Deon | $38.00 |
| McArthur | Monique | M. | $38.00 |
| McCullon | Roberta | F. | $38.00 |
| McEven | Linda | | $38.00 |
| McKelvey | Jennifer | | $38.00 |
| McKinney | Lynda | | $38.00 |
| Mitchell | Chantel | | $38.00 |
| Morris | Hsbaunda | L | $38.00 |
| Ohanlon | Jamie | | $38.00 |
| Ott | Mitch | B. | $38.00 |
| Piekarz | Greg | | $38.00 |

U.S. v. John Gordon Aitken

2:09-CR-00097-GMN-LRL

Restitution List

| | | | |
|---|---|---|---|
| Quintanilla | Darcu | | $38.00 |
| Raymond | Michelle | | $38.00 |
| Reyes | Patricia | | $38.00 |
| Rihter | Maria | | $38.00 |
| Rodriguez | Denise | | $38.00 |
| Ruckdeschel | Rachel | H. | $38.00 |
| Rutledge | Donald | Carlos | $38.00 |
| Sargent | Tonya | | $38.00 |
| Sauls | Scharleen | | $38.00 |
| Shallowhome | Rebecca | | $38.00 |
| Sharma | Mahesh | | $38.00 |
| Sias | Elaine | A. | $38.00 |
| Singh | Khush | H. | $38.00 |
| Singleton | Mary | S. | $38.00 |
| Sloan | James | | $38.00 |
| Smith | Annette | | $38.00 |
| Smith | Terralyn | | $38.00 |
| Stoddart | Melissa | | $38.00 |
| Thompson | Blanche | | $38.00 |
| Vance | Loretta | Elaine | $38.00 |
| Vavasseur | Lil-Al | | $38.00 |
| Ward | Julie | | $38.00 |
| Webster | Bill | | $38.00 |
| White | Lorrie | | $38.00 |
| Williams | Ellen | D. | $38.00 |
| Wuesthoff | Catheryn | | $38.00 |
| | | | $2,698.00 |

ATTACHMENT B

FILED ✓          RECEIVED
ENTERED          SERVED ON
        COUNSEL/PARTIES OF RECORD

SEP 2 0 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                          DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
        v.                     )
                               )    2:09-CR-097-GMN (LRL)
JOHN GORDON AITKEN,            )
                               )
                Defendant.     )

**FINAL ORDER OF FORFEITURE**

On April 7, 2009, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(1) and (2) and Title 18, United States Code, Section 982(a)(2)(A) and Title 21, United States Code, Section 853(p), based upon the plea of guilty by defendant JOHN GORDON AITKEN to a criminal offense, forfeiting specific property alleged in the Criminal Information and shown by the United States to have a requisite nexus to the offense to which defendant JOHN GORDON AITKEN pled guilty.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law on December 3, 2009, December 10, 2009, and December 17, 2009 in the Las Vegas Review-Journal/Sun; on March 10, 2010, March 17, 2010, and March 24, 2010 in The New York Times; and via the official government internet forfeiture site, www.forfeiture.gov, consecutively from October 20, 2009 through November 18, 2009, (#22) further notifying all known third parties by personal service or by regular mail and certified mail return receipt requested, of their right to petition the Court. #40.

The United States served all known third parties petitioners by personal service or by regular mail and certified mail return receipt requested. In addition, the United States also served the following:

a.  Christopher C. Fogelman on behalf of Citizens Automobile Finance was served by regular mail and certified mail on May 19, 2010; the certified mail was signed on May 24, 2010. #40.

b.  Brad Conner, President, on behalf of Citizens Automobile Finance was served at 480 Jefferson Blvd., Warwick, RI 02886-1359 by regular mail and certified mail on May 19, 2010; the certified mail was signed on May 24, 2010. #40.

c.  Brad Conner, President, on behalf of Citizens Automobile Finance was served at Citizens PLZ, Providence, RI 02903-1344 by regular mail and certified mail on May 19, 2010; the certified mail was signed on May 22, 2010. #40.

d.  CT Corporation System Resident Agent on behalf of Citizens Automobile Finance by regular mail and certified mail on May 19, 2010; the certified mail was signed on May 22, 2010. #40.

PETITION:

On April 23, 2010 a Motion for Adjudication of Interest for Defrauded Victim Class by David L. Pisarek, Eric R. Meyers as to John Gordon Aitken was entered. #23. On June 1, 2010, the United States filed a Motion to Dismiss Petition of Eric R. Meyers and David L. Pisarek and the Class of all Persons Who Paid Nationwide Christian Singles & Events, Inc. (#23). #31. On July 22, 2010, the Court denied the Petition of Eric R. Meyers and David L. Pisarek and the Class of all Persons Who Paid Nationwide Christian Singles & Events, Inc. (#23) without prejudice. #45.

RBS, Citizens, N.A., determined that it will not pursue its claim on the 2005 Excursion Recreational Vehicle, VIN: 4UZAAHDCX4CN81964 and has released all legal interest in the vehicle to the United States.

. . .

2

1      This Court finds no other petitions were filed herein by or on behalf of any person or entity

2   and the time for filing such petitions and claims has expired.

3      This Court finds no other petitions are pending with regard to the assets named herein and the

4   time for presenting such petitions has expired.

5      THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,

6   title, and interest in the property hereinafter described is condemned, forfeited, and vested in the

7   United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.

8   32.2(c)(2); Title 18, United States Code, Section 982(a)(2)(A) and Title 21, United States Code,

9   Section 853(p); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according

10  to law:

11             *In personam* criminal forfeiture money judgment of $5,000,000.00 in United

12             States Currency, including:

13      a.   $31,149.75 In United States Currency, seized from Washington Mutual Bank

14             Account Number 048800002583599, in the name of John and Gina Aitken,

15             Washington Mutual Bank 1000 North Green Valley Parkway, Henderson

16             Nevada 89074;

17      b.   $65,142.30 in United States Currency, seized from Wells Fargo Bank Account

18             Number 1531838603, in the name of Nationwide Christians, Wells Fargo Bank

19             California, 3300 West Sahara Avenue, Las Vegas, Nevada 89102;

20      c.   $442,469.35 in United States Currency, seized from Wells Fargo Bank

21             Account Number 1007907239, in the name of Nationwide Christian Singles

22             and Events, Inc., Wells Fargo Bank, Nevada, 3300 West Sahara Avenue, Las

23             Vegas, Nevada 89102;

24      d.   2003 Black Hyundai 4-door Sedan, Nevada license plate 990PYF, VIN:

25             KMHDN45D63U589344, registered to Gina L. and John G. Aitken, 330 Doe

26             Run Circle, Henderson, Nevada 89012; and

e.    2003 Black Hyundai 4-door Sedan, Nevada license plate 991PYF, VIN: KMHDN45D53U546923, registered to Gina L. and John G. Aitken, 330 Doe Run Circle, Henderson, Nevada 89012.

f.    2005 Excursion Recreational Vehicle, VIN: 4UZAAHDCX4CN81964, Stored at Gerke's RV Storage, 4755 West Flamingo Road, Las Vegas, Nevada 89103 ("property").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this _____ day of _____ 2010.

_____
UNITED STATES DISTRICT JUDGE

4